UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| FARRIS J. DOBBINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:12-CR-100-TWP-HBG-1 |
| | ) | 3:16-CV-353-TWP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM OPINION</u>**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 24]. He bases his request for collateral relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on July 21, 2016 [Doc. 25]. Petitioner obtained an extension of time [Docs. 26, 27] and filed a reply on August 25, 2016 [Doc. 28]. For the reasons below, Petitioner's request for leave to "traverse" the United States' response will be **GRANTED** and § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.  **BACKGROUND**

On July 25, 2012, Petitioner committed two armed carjackings [Presentence Investigation Report (PSR) ¶¶ 6–10]. He subsequently pled guilty to two counts of armed carjacking, in violation of 18 U.S.C. § 2119, and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), in exchange for dismissal of a second § 924(c) count [Doc. 14]. On February 27, 2013, this Court sentenced Petitioner to an aggregate term of 240 months' incarceration—concurrent 156-month terms for the § 2119 offenses

and a consecutive 84 months for the § 924(c) offense [Doc. 20]. No direct appeal was taken. Nearly three and a half years later—on June 20, 2016—Petitioner filed the instant collateral challenge based on the *Johnson* decision [Doc. 24].

## IV. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## V. ANALYSIS

To the extent Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his conviction under § 924(c)(1)(A), the argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected. *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the

2

residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that Johnson effectively invalidated [the former] is . . . without merit").

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under § 924(c) would remain valid because armed carjacking is crime of violence under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Federal carjacking—defined as the intentional taking of a motor vehicle from the presence of another "by force and violence or by intimidation," 18 U.S.C. § 2119—invariably involves the use of force capable of causing physical pain or injury, *see In re Smith*, No. 16-13661-J, 2016 WL 3895243, at *3 (11th Cir. July 18, 2016) (finding, post-Johnson, that federal carjacking categorically qualifies as a crime of violence under the use-of-physical-force clause in 18 U.S.C. § 924(c)(3)(A)); *United States v. Jones*, No. 15-30752, 2016 WL 1042534, at *1 (5th Cir. March 14, 2016) (stating that "[c]arjakcing is always and without exception a 'crime of violence' as that term is defined in 18 U.S.C. § 924(c)(3)). The *Johnson* decision has no impact on this categorization and, as a result, cannot serve as grounds for granting the requested relief.

## II. CONCLUSION

For the reasons discussed, Petitioner's request for leave to file a "traverse" to the United States' response [Doc. 28] will be **GRANTED** and § 2255 motion [Doc. 24] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a

3

constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**


                                                      s/ Thomas W. Phillips
                                              SENIOR UNITED STATES DISTRICT JUDGE